**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

MARY CHANDLER                                                                                      PLAINTIFF

VERSUS                                                  CAUSE NO.:1:24-CV-00205-GHD-DAS

BIG JACK HOLDINGS LP, JACK'S FAMILY                     DEFENDANTS
RESTAURANTS LP, JOHN DOE 1,
JOHN DOE 2, JOHN DOE 3, AND JOHN DOE 4

## AGREED PROTECTIVE ORDER

It being represented to the Court that the Plaintiff, MARY CHANDLER, have requested documents from the Defendants, BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP, which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP; and

It being represented to the Court that BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP. is willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

1. BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP will disclose documents that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2. Any and all of the aforesaid materials disclosed by BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP and the contents thereof shall be maintained in confidence by counsel for the Plaintiff and counsel for the other parties to the above-captioned litigation. The aforesaid materials shall not be photocopied or reproduced by any means without the prior consent of counsel for

|   |   |
|---|---|
|   | BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP or until further order of this Court. |
| 3. | Any and all of the aforesaid materials disclosed by BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever. |
| 4. | No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order. |
| 5. | Counsel for Plaintiff and counsel for the other parties to the above-captioned litigation may permit an expert or experts hired by the Plaintiff or other parties in the above-captioned litigation to review the documents subject to this Protective Order, but counsel for the Plaintiff and counsel for the other parties must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below. |
| 6. | Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality. |
| 7. | Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material. |
| 8. | At the conclusion of this lawsuit by settlement, a jury verdict, nonsuit, dismissal, by judgment order or otherwise, all BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP materials, including any and all copies, or renditions made from the materials, shall be returned to BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP within thirty (30) days. |

9.     A breach of the terms of this Order shall entitle BIG JACK HOLDINGS LP and JACK'S FAMILY RESTAURANTS LP to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

Signed this the 9th day of May, 2025.

ENTERED:

**/s/ David A. Sanders**
   **U.S. MAGISTRATE JUDGE**

Agreed as to the terms and conditions:

| | |
|---|---|
| | */s/Nicole M. Harlan* |
| **Counsel for Plaintiff** | **Counsel for Defendant** |
| W. Howard Gunn, (MSB 5073) | Nicole M. Harlan/MB#105412 |
| W. Howard Gunn & Associates | Carr Allison |
| 310 South Hickory Street | 1319 26th Avenue |
| PO Box 157, Aberdeen, MS 39730 | Gulfport, MS 39501 |
| Phone: 662-369-8533  Fax: 662-369-9844 | E-mail:  nharlan@carrallison.com |
| Email: whgunn@bellsouth.net | |